UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

TIWONTAY ALLEN VERSEY-JAMES,

        Plaintiff,

    v.                                                           Case No. 22-C-1551

DEONDRE MOORE, EDDIE EDWARDS,
NURSE JOHNSON, and NURSE DAVID,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Tiwontay Allen Versey-James, who is currently incarcerated at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was housed at the Milwaukee Secure Detention Facility. This matter comes before the Court on Versey-James' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Versey-James has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Versey-James has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.00. Versey-James' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Versey-James explains that he is a seriously mentally ill inmate. He states that while he was on observation status at the Milwaukee Secure Detention Facility, Defendants Nurse Johnson and Officer Deondre Moore gave him a balled-up tissue with his medication and a razor blade. According to Versey-James, he notified Defendant Lt. Eddie Edwards of what had happened, but he appeared not to care. Versey-James states that he told Edwards he was going to self-harm, and Edwards walked away. Versey-James asserts that he showed the razor blade to Moore about an hour later, and he responded, "I've seen you do more with less[;] let's get this ball rolling." Versey-James asserts that he began to self-harm with the razor, and Moore walked away. Dkt. No. 1 at 2–3.

According to Versey-James, Moore and Officer Chaney (who is not a defendant) returned with Defendant Nurse David who looked at Versey-James' cut and walked away, noting that the injury was minor. Versey-James asserts that he continued to cut himself. Moore, Edwards, Chaney, and David returned later, but David gave him only a band-aid despite Versey-James' insistence that he needed stitches. Versey-James explains that he later received stitches after being taken offsite for treatment after he told staff he had swallowed half the razor. Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

Prison officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Notwithstanding the fact that deliberately causing harm to oneself would normally constitute a superseding or intervening cause of injury, *see Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 888–89, 900 (E.D. Wis. 2006), the duty imposed on prison officials extends to protecting inmates from imminent threats of serious self-harm, and the

3

Case 1:22-cv-01551-WCG   Filed 04/10/23   Page 3 of 6   Document 12

"obligation to intervene covers self-destructive behaviors up to and including suicide." *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018).

Versey-James may proceed on deliberate indifference and state law negligence claims against Moore and Johnson based on allegations that they gave him a razor blade while he was in observation status. He may also proceed on deliberate indifference and state law negligence claims against Moore and Edwards based on allegations that they ignored Versey-James' threats of self-harm. He may also proceed on a state law intentional infliction of emotional distress (IIED) claim against Moore based on allegations that he taunted and encouraged Versey-James to self-harm after giving him a razor. *See Howard v. Koeller*, 756 F. App'x 601, 606 (7th Cir. 2018) (noting that to state an IIED claim under Wisconsin law, a plaintiff must show that a defendant's "conduct was so extreme and outrageous that 'an average member of the community' would find her behavior 'a complete denial of [the plaintiff's] dignity as a person" (citations omitted)). And, finally, Versey-James may proceed on a deliberate indifference and state law negligence claim against David based on allegations that he failed to adequately treat Versey-James' injury.

**IT IS THEREFORE ORDERED** that Versey-James' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Versey-James' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Deondre Moore, Eddie Edwards, Nurse Johnson, and Nurse David.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Deondre Moore, Eddie Edwards, Nurse Johnson, and Nurse David shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Versey-James shall collect from his institution trust account the $347.00 balance of the filing fee by collecting monthly payments from Versey-James' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Versey-James is transferred to another institution, the transferring institution shall forward a copy of this Order along with Versey-James' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Versey-James is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Honorable William C. Griesbach
>  c/o Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  125 S. Jefferson Street, Suite 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Versey-James is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Versey-James may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this <u>10th</u> day of April, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge