UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIWONTAY ALLEN VERSEY-JAMES,

    Plaintiff,

    v.                                           Case No. 22-C-1551

DEONDRE MOORE, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Tiwontay Allen Versey-James is currently representing himself in this 42 U.S.C. §1983 case. This matter is before the Court on Defendant Sharlana Johnson's motion to dismiss. Versey-James did not respond to the motion. The Prison Litigation Reform Act (PLRA) applies to this case because Versey-James was incarcerated when he filed his complaint. The PLRA requires that, before a prisoner's complaint is served on a defendant, the Court must review the complaint and identify cognizable claims or dismiss the complaint or any portion thereof that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915A. In determining whether a complaint states a claim, the Court applies the same standard that applies to a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The Court construes "*pro se* complaints liberally, holding them to a less stringent standard than pleadings drafted by lawyers." *Id.* (citing *Perez v. Fengolio*, 792 F.3d 768, 776 (7th Cir. 2015)).

On April 10, 2023, the Court reviewed Versey-James' complaint and concluded that it states Eighth Amendment claims against the defendants. As it relates to Johnson's motion to

dismiss, the Court allowed Versey-James to proceed on deliberate indifference and state law negligence claims against Johnson based on allegations that she gave him a razor blade while he was on observation status. *See* Dkt. No. 12 at 3. Versey-James alleges that he later cut himself with the razor blade and then swallowed half the razor blade.

Johnson first argues that Versey-James' claim against her must be dismissed because Versey-James "has *not* alleged or otherwise demonstrated that he commenced or completed *any* administrative grievance process prior to commencing the instant action." Dkt. No. 29 at 6 (emphasis in original). But the "failure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Johnson next argues that Versey-James "has not identified any deprivation of a recognized constitutional right carried out or perpetuated" by her. Dkt. No. 29 at 8. Johnson's argument is puzzling. She emphasizes that she was not involved in denying Versey-James medical care after he used the razor blade to harm himself. But as she acknowledges, that is not the basis of Versey-James' claim against her. The Court concluded that Versey-James' allegation that Johnson gave him a razor blade was sufficient on its own to state a claim against her. Versey-James describes himself as "seriously mentally ill." He also notes that he was on observation status, suggesting that he posed a danger to himself or others. Despite this, Johnson allegedly gave him a razor blade. If true (and at this stage, the Court must assume it is true), such conduct would demonstrate deliberate indifference to the risk of harm that Versey-James posed to himself, a risk that materialized when Versey-James cut himself and swallowed the razor blade. *See Vann v. Vandenbook*, 596 F. Supp. 2d 1238, 1243 (W.D. Wis. 2009) (concluding that plaintiff stated a

claim because giving a razor and nail clippers to a prisoner who had expressed suicidal thoughts subjects the prisoner to a substantial risk of harm).

Johnson also argues that Versey-James does not allege that she *knew* there was a razor in the balled-up tissue, but at this early stage and without the benefit of discovery, it is unclear how Versey-James could know what Johnson did or did not know.  When screening the complaint, the Court must construe all reasonable inferences in Versey-James' favor, and the allegation that she and another Defendant handed him a balled-up tissue is sufficient for the Court to reasonably infer that they knew what was in the tissue.  Of course, both parties will have an opportunity at summary judgment to present evidence regarding whether Defendants knew the tissue contained a razor blade.

Johnson also asserts that the allegation against her is facially implausible.  As Johnson observes, "[a] pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief."  *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).  For all the reasons Johnson states, the Court agrees that it is unlikely that a nurse and corrections officer would sneak a razor blade to a mentally ill patient who is on observation status.  But it is not beyond doubt.  Therefore, the Court will not dismiss Versey-James' claim on this basis.

Finally, Johnson asserts that she is entitled to qualified immunity because Versey-James "has *not* alleged that [she] *intended* to provide him with a razor nor even that she knew that the medications she and the other Defendants were distributing contained an obscured blade."  Dkt. No. 29 at 15 (emphasis in original).  Again, at this stage, the Court draws all reasonable inferences in Versey-James' favor.  The Court can reasonably infer that she knew what was hidden in the balled-up tissue that was handed to Versey-James.  At summary judgment, Johnson may present

3

evidence supporting her assertion of what she actually knew.  Similarly, Johnson's assertion that "sovereign immunity bars this Court from hearing Plaintiff's state law negligence claims" because he did not allege that she intended to expose him to harm is premature.  *See id*.  The parties may provide evidence regarding Defendants' intentions at summary judgment.

Because Johnson has not carried her burden of showing the complaint's insufficiency, the Court denies her motion to dismiss.  *See Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

**IT IS THEREFORE ORDERED** that Johnson's motion to dismiss (Dkt. No. 30) is **DENIED**.  Johnson must file a responsive pleading in accordance with Fed. R. Civ. P. 12(a)(4)(A).

Dated at Green Bay, Wisconsin this 27th day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4

Case 1:22-cv-01551-WCG   Filed 09/27/23   Page 4 of 4   Document 31