UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIWONTAY ALLEN VERSEY-JAMES,

    Plaintiff,

    v.                       Case No. 22-C-1551

DEONDRE MOORE et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Tiwontay Allen Versey-James is representing himself in this 42 U.S.C. §1983 action. Nearly a year ago, on February 6, 2024, the Court dismissed this action after Plaintiff failed to diligently prosecute it. Plaintiff had been advised in four different orders that failure to keep the Court informed of his whereabouts could result in the dismissal of his case without further notice. Dkt. Nos. 4, 5, 12, 20. On January 18, 2024, after the Court and Defendants' efforts to contact the Plaintiff were unsuccessful, the Court gave Plaintiff until January 31, 2024 to provide a mailing address and warned him that failure to do so would result in the Court dismissing this action based on his failure to diligently prosecute it. Plaintiff did not timely update his address, so on February 6, 2024, the Court dismissed this action. On January 27, 2025, nearly a year after the case was dismissed, Plaintiff filed an unsigned motion to alter or amend the judgment. He then filed a signed motion for relief from judgment two days later, on January 29, 2025. Plaintiff explains that he was in jail in different states "and certain challenges stop[ped] [him] from informing [the Court] of this fact." Dkt. No. 53. Specifically, he notes that he was incarcerated in a different state and did not know the Court was trying to reach him. Dkt. No. 54. He asserts that

the jail conditions were unsafe, and he had a hard time getting money to purchase legal supplies. *Id.* He asks if he can reopen his case. He cannot.

Plaintiff seeks relief from judgment under Fed. R. Civ. P. 60(b). That rule allows a court to relieve a party from final judgment for various reasons, including excusable neglect and "any other reason that justifies relief." Whether a party's neglect is "excusable" under Rule 60(b)(1) depends on "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court understands that Plaintiff was transferred to jails in different states and had difficulty receiving mail, but he is the party that chose to file this case and, having done so, he bears the responsibility for making sure the Court and the parties are able to contact him. As noted, the Court repeatedly reminded him of this responsibility and warned him of the consequence for failing to abide by it. Even if Plaintiff did not have a reliable mailing address, he does not sufficiently explain why—for more than a year—he did not notify the Court or Defendants of his challenges or request that the Court stay the case.

Nor has Plaintiff offered "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision applies only in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Being incarcerated is not an extraordinary circumstance. Each year, numerous incarcerated individuals manage to keep the Court updated on their whereabouts or inform the Court of challenges they face in litigating their claims. And, as the Seventh Circuit has explained, a plaintiff's "inability to receive mail d[oes] not relieve him of his obligation to monitor the court's docket and thereby

respond promptly to the dismissal of his case." *Harris v. Emanuele*, No. 19-3548, 826 F. App'x 567, 569 (7th Cir. 2020) (citing *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020)). The fact that this case was closed for nearly a year before Plaintiff asked for an update undermines any suggestion that Plaintiff diligently prosecuted it. For these reasons, the Court will deny Plaintiff's motions.

**IT IS THEREFORE ORDERED** that Plaintiff's unsigned motion to alter or amend the judgment (Dkt No. 53) and his motion for relief from judgment (Dkt. No. 54) are **DENIED**.

Dated at Green Bay, Wisconsin this 31st day of January, 2025.

_____
William C. Griesbach
United States District Judge